IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cr13

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RODERICK DARNELL HARDIN; and ) | |
| ABDUL WHITE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on defendant Roderick Darnell Hardin's Motion to Dismiss Count Four of the Superceding Indictment for Failure to State an Offense and Lack of Federal Jurisdiction (#102). Defendant Abdul White has joined in Defendant Hardin's motion. See Document #103. The government has timely filed its Response.[1] Finding neither basis asserted by the moving defendants sufficient for dismissal, the motion will be denied.

**I.   Background**

This action was initially commenced on December 20, 2011, with the issuance of a Criminal Complaint, United States v. Hardin, 3:11mj385-DCK (W.D.N.C.), which charged the defendant's named therein with one count of violating 18 U.S.C. § 1951 (conspiracy to violate the *Hobbs Act*). In support of the Criminal Complaint, the government submitted to the court an affidavit containing details of the offense charged in the complaint.

On January 17, 2012, the Grand Jury returned a Bill of Indictment charging Defendant Hardin with three counts: two violations of 18 U.S.C. § 1951 (a *Hobbs Act* conspiracy and

---

[1]   The government's Motion for Extension of Time to Response (#106) is allowed *nunc pro tunc*.

-1-

violation of the *Hobbs Act*); and one violation of 18 U.S.C. § 924(c)(possession of a firearm in furtherance of a crime of violence). Defendant Abdul White was charged in the original indictment in Counts One and Two.

On April 18, 2012, the Grand Jury returned a Superseding Bill of Indictment, adding one addition count, Count Four, which charged both moving defendants (as well as their codefendants) with conspiracy to launder money in violation of 18 U.S.C. § 1956(h).

## II. Discussion

The moving defendants raise two arguments in support of their Motion to Dismiss: first, that Count Four should be dismissed because it was not raised in the affidavit filed in support of the criminal complaint; and second, Count Four should be dismissed because it is alleged in a conclusory fashion, tracking only the language of the statute. Defendants' overriding argument is that Count Four should be dismissed because the government has not demonstrated "even a *de minimis* effect on interstate commerce" because the affidavit submitted in support of the criminal complaint indicates that

> Mr. Hardin placed some of the proceeds in a storage unit and distributed some of it to certain alleged co-conspirators . . . but neither of these constitutes a "financial transaction" under the statute because they did not affect interstate commerce in any way.

Motion to Dismiss (#102), at 2.

In Count Four, defendants are charged with a Section 1956(h) conspiracy to launder monetary instruments." That statute provides, as follows:

> (h)  Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

18 U.S.C. § 1956(h). The essential elements of a Section 1956(h) conspiracy are:

> 1.  That two or more persons conspired to commit offenses defined in

> Section 1956 and 1957 of Title 18, to wit, the offenses described in the Bill of Indictment, violations of Sections 1956 and/or 1957;
>
> 2. That at some time during the existence or life of such conspiracy, defendants knowingly and willfully joined such conspiracy;
>
> 3. That defendants joined the conspiracy knowing its purpose and with the intent to further such illegal purpose; and
>
> 4. That all such acts were done knowingly, intentionally, and unlawfully.

The fundamental flaw with defendants' argument is that the government is not limited to the universe of facts its agent alleged in the affidavit submitted in support of the initial charging instrument, the Criminal Complaint. The government may well submit additional evidence, regardless of when it was discovered, to the Grand Jury upon which that body could find probable cause to believe that these defendants committed additional offenses alleged in the Bill of Indictment and ultimately in the Superseding Bill of Indictment. Whether the government will be able to introduce sufficient evidence on each and every element of the offenses charged has yet to be seen, and defendants will have an adequate forum under Rule 29 for testing the government's proof at the close of the government's case.

While the court notes defendants' citations to cases holding that simply placing the proceeds of specified unlawful activity into storage does not amount to a financial transaction, see Motion, at 2-3, the court is limited at this point to considering whether the allegations contained in Count Four of the Superseding indictment are sufficient to charge these defendants with an offense, not whether the government will be able to prove its case. The fact that an affidavit used only to support charging defendants with a *Hobbs* Act conspiracy would not be sufficient to support a § 1956(h) money laundering conspiracy is not only unremarkable, it is unavailing as it in no way limits the quantum of proof the government may present to a Grand Jury or at trial. Clearly, Count Four adequately charges each and every element of a Section 1956(h) conspiracy and this court has jurisdiction over such alleged

offense.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant Roderick Darnell Hardin's Motion to Dismiss Count Four of the Superceding Indictment for Failure to State an Offense and Lack of Federal Jurisdiction (#102) in which defendant Abdul White has joined (Document #103), is **DENIED**. The government's Motion for Extension of Time to Response (#106) is **ALLOWED** *nunc pro tunc*.

Signed: October 29, 2012

Max O. Cogburn Jr.
United States District Judge